

# Missouri Court of Appeals
## Southern District

### In Division

DOROTHY ROSS,                          )
                                       )
    Plaintiff-Respondent,      )
                                       )
v.                                     )   No. SD37826
                                       )   Filed: **September 26, 2023**
VENERABLE INSURANCE AND                )
ANNUITY CO.,                           )
                                       )
    Defendant-Appellant.        )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David B. Mouton, Circuit Judge

### REVERSED AND REMANDED WITH DIRECTIONS

In a single point relied on, Venerable Insurance and Annuity Company ("Venerable") appeals the judgment granting the motion for summary judgment filed by Dorothy Ross ("Dorothy")[1] and denying Venerable's cross-motion for summary judgment. The sole issue before the trial court was whether Venerable owed payment to Dorothy as the named beneficiary under a Flexible Premium Deferred Annuity Contract ("the Contract"). Because we conclude Venerable did not owe payment to Dorothy under the unambiguous terms of the Contract, we

---

[1] We use first names to avoid confusion and for ease of reference. No familiarity or disrespect is intended.

1

reverse the judgment for Dorothy and remand the case with directions for the trial court to enter judgment for Venerable.

## Factual Background and Procedural History

Dorothy sued Venerable in June 2022, alleging Venerable breached the Contract in failing to pay to her amounts remaining unpaid under the Contract at the time of the death of Dorothy's husband, Robert T. Ross ("Robert").

The material facts were presented in the parties' cross-motions for summary judgment and are undisputed.

Robert purchased the Contract from Venerable's predecessor in December 2001. Under the Contract, Robert was the named Annuitant and Owner and Dorothy was the named beneficiary. Robert paid an initial premium of $5,206.22 for the Contract. The Contract's maturity date was December 31, 2011. As of the Contract's maturity date, Robert began receiving monthly payments under the Contract in the amount of $73.85. Robert died in February 2022, 121 months after the monthly payments under the Contract began. The Contract provides in Section 2:

> **PAYMENT OF PROCEEDS** – On the Maturity Date, we will pay the Proceeds of the Contract to the Owner if the Annuitant is living, unless Section 2.3 applies. You must elect to have the Proceeds paid under one of the Payment Plans set out in Section 6 in writing at least 30 days prior to the Maturity Date. If no election is made, an automatic option of monthly income for a minimum of 120 months and as long thereafter as the Annuitant lives will be applied to the Accumulation Value.

In addition, Section 2.3 of the Contract is titled **Death of Owner** and provides, in relevant part:

> (b) If any Owner dies on or after the Maturity Date, but before all Proceeds payable under this Contract have been distributed, we will continue payments to the Annuitant (or, if the deceased Owner was the Annuitant, to the Beneficiary) under the payment method in effect at the time of the deceased Owner's death.

2

The Contract defines "Proceeds" as "the amount payable under this Contract." The Contract provides "Accumulation Value equals the sum of each Premium less Premium Tax, if applicable, plus interest from the date each Premium is received less any adjustments for Partial Surrenders."

Robert did not "elect to have the Proceeds paid under one of the Payment Plans set out in Section 6 in writing at least 30 days prior to the Maturity Date." The parties agree that, because Robert did not elect to have the Proceeds paid under a payment plan, the Section 2 "automatic option" for payment of the Proceeds governs.

In response to the parties' cross-motions for summary judgment, the trial court granted Dorothy's motion and denied Venerable's motion "on the basis that the [Contract] issued to [Robert] is ambiguous and therefore is to be construed against [Venerable]." The trial court concluded Dorothy was "entitled to collect all payments that would have been paid to [Robert], had he lived." Venerable appealed.

**Standard of Review**

"In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper." *Glendale Shooting Club, Inc. v. Landolt*, 661 S.W.3d 778, 781 (Mo. banc 2023) (quoting *Brockington v. New Horizons Enters., LLC*, 654 S.W.3d 876, 880 (Mo. banc 2022)). "Summary judgment is proper only if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Id.* (citing Rule 74.04(c)).[2]

"Contract interpretation is a question of law, which this Court . . . reviews *de novo*." *State ex rel. Knasel v. Brown*, 667 S.W.3d 150, 157 (Mo.App. 2023) (quoting *Am. Fed'n of*

---

[2] All rule references are to Missouri Court Rules (2022).

*State, Cnty. & Mun. Emps. v. State*, 653 S.W.3d 111, 127 (Mo. banc 2022)). "The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." *Am. Fed'n*, 653 S.W.3d at 127 (quoting *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973)). "Unless the contract is ambiguous, the intent of the parties is determined based on the contract alone, not on extrinsic or parol evidence." *Id.* "[T]he intent of the parties to a contract is expressed by the natural and ordinary meaning of the language referable to it." *Id.*

### Analysis

Venerable asserts the trial court erred in granting summary judgment for Dorothy "because the plain language of the [Contract] unambiguously states that the beneficiary is not entitled to continue receiving monthly payments after the [A]nnuitant's death if the [A]nnuitant dies more than 120 months after the maturity date." We agree.

The parties agree the "automatic option" in Section 2 governs since Robert did not elect a payment plan in writing prior to the Contract's maturity date. Under the "automatic option" in Section 2, Robert received monthly payments of $73.85 from the Contract's maturity date until Robert's death, resulting in monthly payments to Robert for a total of 121 months prior to his death in February 2022. The plain language of Section 2 sets out the "automatic option" as "monthly income for a minimum of 120 months and as long thereafter as the Annuitant lives will be applied to the Accumulation Value." Because the "automatic option" applies for "a minimum of 120 months and as long thereafter as the Annuitant lives[,]" Venerable's obligation to pay pursuant to the "automatic option" under the Contract ceased at Robert's death, which occurred after Venerable had made payments for a minimum of 120 months after the Contract's maturity date. Venerable satisfied its obligation under the "automatic option" in Section 2. Venerable

4

owed no payments to Dorothy under the plain language of Section 2.3 because, at Robert's death, "all Proceeds payable under the Contract ha[d] been distributed" per the plain language of the "automatic option" in Section 2.

Based on the unambiguous language of the Contract, the trial court erred in concluding Dorothy was "entitled to collect all payments that would have been paid to [Robert], had he lived." The Contract contains no provision permitting a judgment for Dorothy for payment of some unknown dollar amount for some unknown time period assuming Robert had lived. It is undisputed that Robert died in February 2022. Venerable did not owe payment to Dorothy as the named beneficiary of the Contract because Venerable's payment obligations ceased at the death of Robert, the Contract Owner and Annuitant, who died after the Contract's maturity date and after Venerable had made payments under the Contract for a minimum of 120 months. Point granted.

**Conclusion**

The trial court's judgment for Dorothy is reversed, and the matter is remanded with directions for the trial court to enter judgment for Venerable.

GINGER K. GOOCH, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

5